{¶ 19} I respectfully dissent from my learned colleagues in the majority. I believe the facts in this case are not identical to the facts in M.L.R. Unlike In Re: M.L.R., uncooperativeness on the part of appellant mother in this case is clear. Evidence submitted at the hearings revealed that appellant had been irresponsible with J.C. and J.Z. from the time of their birth, had been uncooperative with regard to case plan services, refused to go into respite care, frequently left her foster *Page 11 
placement for extended periods without permission, failed to attend school or pursue her GED, and failed to keep regularly scheduled meetings with her caseworkers.
 {¶ 20} In Re: M.L.R. is further distinguishable, as appellant in the present case was served with notice of the scheduled hearings at her address of record. Although appellant was uncooperative and missed many hearings, she did manage to show up for one hearing on June 27, 2006. Appellant's presence at that hearing demonstrated her awareness of the proceedings and the accuracy of the contact address and phone number.
 {¶ 21} Appellant herself gave her phone number to the court on the record as a way to contact her in Toledo, thereby demonstrating that she wanted the court to use this phone number and location to contact her. The court also informed appellant of the next hearing date, at that same hearing, on the record as well.
 {¶ 22} After the June 27, 2006 hearing, a preliminary hearing was held, as scheduled, on August 2, 2006. Appellant's attorney was present for the hearing. However, appellant did not show up for the preliminary hearing, even though it is undisputed that she received notification of this hearing on the record.[5] In addition, appellant's attorney made several unsuccessful attempts to contact her by letter and telephone. Accordingly, appellant was well aware that legal custody proceedings *Page 12 
involving her two children were taking place. She was also aware that additional hearings were going to be held in the future.
 {¶ 23} Appellant further argues that "no attorney was present to object to the failure of the guardian ad litem to be present at the hearing granting temporary custody on August 24, 2005." However, a review of the record demonstrates that appellant's attorney was indeed present at the hearing. Appellant's attorney put forth an oral motion to withdraw at this hearing. The trial court granted attorney Arabian's motion to withdraw. Accordingly, counsel was present on August 24, 2005 and followed the instructions of the lower court. Appellant's attorney only withdrew after the trial court granted her permission.
 {¶ 24} Despite the protections that parents have when facing the possibility of permanent parental termination, parents must exhibit cooperation and must communicate with counsel and with the court in order to have standing to argue due process was not followed in a termination proceeding. In cases in which a parent has communicated with the trial court or with counsel to explain a problem attending a scheduled hearing, Ohio courts have recognized that the failure of a trial court to take extra care to ensure the parent's presence is an abuse of discretion. Nevertheless, where a parent fails to maintaincontact with counsel, fails to appear for scheduled hearings despitereceiving notice of such, and fails to cooperate with counsel and thecourt, the court may infer that the parent has waived his or her rightto counsel and may grant counsel's request to withdraw. To ascertainwhether a *Page 13 waiver may be inferred, the court must take into account the totalcircumstances of the individual case, including the background,experience and conduct of the parent. In re Rachal G., Lucas App. No. L-02-1306, 2003-Ohio-1041, at pp. 13-14; In re Hendrickson,162 Ohio App.3d 602, 607, 2005-Ohio-4183. (Emphasis added.)
 {¶ 25} I do not believe that the facts in this matter are identical to those in M.L.R. Moreover, I do not believe appellant demonstrated that her counsel's performance was deficient and that performance was prejudicial. Accordingly, I would overrule appellant's fourth assignment of error.
[5] See June 27, 2006 Tr. 17-18. *Page 1